**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL GUERERRO ORTEGA, | No. 09-70941 |
| Petitioner, | Agency No. A093-488-357 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Jose Manuel Guererro Ortega, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1055-56 (9th Cir. 2006), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that petitioner did not establish past persecution or a well-founded fear of future persecution, because he failed to demonstrate he was or will be harmed based on his homosexuality by forces the Mexican government is unwilling or unable to control. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005); *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report non-governmental persecution due to belief that police would do nothing did not establish that government was unwilling or unable to control persecutors). Accordingly, petitioner's asylum claim fails.

Because petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of petitioner's CAT claim because he failed to demonstrate it is more likely than not he will be tortured if

returned to Mexico. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

Petitioner's contention that the IJ erred by excluding certain documents without affording petitioner notice of the deficiencies or an opportunity to correct them is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2006) (requiring error and substantial prejudice to prevail on a due process claim). We lack jurisdiction to review petitioner's contentions that: (1) the IJ erred by not letting petitioner explain the men who raped him in 1983 were released early from prison due to family connections; and (2) the IJ exhibited bias towards homosexuals, because these claims were not raised before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, we decline to consider the evidence petitioner attached to his opening brief because our review is limited to the administrative record underlying the IJ's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**